IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**SIGHTLINE RETAIL, LLC**                                                                                              **PLAINTIFF**

V.                                    CASE NO. 5:21-CV-05082

**QUEST USA CORP.**                                                                                                    **DEFENDANT**

## OPINION AND ORDER

Defendant Quest USA Corp. ("Quest") removed this breach-of-contract lawsuit to this Court on May 4, 2021, asserting complete diversity of citizenship as the basis for federal jurisdiction. *See* Doc. 2. Thereafter, on May 10, 2021, Quest filed a Motion to Dismiss and to Compel Arbitration (Doc. 6) and Brief in Support (Doc. 7). The Manufacturer's Representative Agreement between Quest and Plaintiff Sightline Retail, LLC ("Sightline") contains an arbitration provision that states:

> Any controversy or claim arising out of or relating to this contract, or the breach thereof, shall be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof.

(Doc. 3, p. 12).

The Federal Arbitration Act ("FAA") provides that certain arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Courts must therefore "rigorously enforce arbitration agreements according to their terms." *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013) (internal quotation omitted). "[T]he first task of a court asked to compel arbitration . . . is to determine whether the parties agreed to arbitrate that dispute." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S.

1

614, 626 (1985). "Arbitration is a matter of contract law, and favored status notwithstanding, parties cannot be compelled to arbitrate unless they have contractually agreed to be bound by arbitration." *Shockley v. PrimeLending*, 929 F.3d 1012, 1017 (8th Cir. 2019) (citing *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)).

Sightline opposes arbitration for the following reasons:  (1) the arbitration provision in the parties' Agreement was not validly formed and/or Sightline was fraudulently induced into entering into the arbitration provision; (2) the arbitration provision should not be enforced because other aspects of the parties' Agreement evidence a lack of mutuality of obligation; and (3) Quest waived arbitration—despite the fact that it moved to compel arbitration immediately after removal.  The Court will consider each of these points in turn.

Sightline first argues that Quest fraudulently induced it into entering into the arbitration provision.  However, there are no facts alleged that would constitute fraudulent inducement.  Sightline agrees that it "justifiably relied on" Quest's promise to arbitrate "any controversy or claim arising out of or relating to this contract or the breach thereof." (Doc. 13, p. 21).  In other words, Sightline agrees that it was subject to a valid and enforceable arbitration provision—which would not be the case if there were evidence of fraudulent inducement.  As best the Court can tell, Sightline is irritated by the fact that Quest did not seek out an arbitrator's assistance *before* unilaterally terminating the parties' contract and contends that this "failure" to arbitrate early on somehow invalidates the arbitration provision altogether.  The Court cannot understand Sightline's opposition to arbitrating the dispute now, given its concession that the matter could have been arbitrated much sooner.

Next, Sightline maintains that the arbitration provision is unenforceable because Paragraph 10A in the Agreement contemplates Quest, and only Quest, seeking relief through the Court and not through arbitration if Quest so chooses. Sightline argues that Quest's unilateral ability to decide whether it will seek relief through the Court essentially invalidates the parties' agreement to arbitrate. Paragraph 10A reads as follows:

> It is agreed that a violation of any of the provisions of this Agreement will cause irreparable harm and injury to QUEST and QUEST shall be entitled, in addition to any other rights and remedies it may have at law or in equity, to (1) seek an injunction enjoining or restraining the violating party from doing or continuing to do any such act and any other violations or threatened violations of this Agreement; or (2) deposit in a segregated account any monies due Representative pending full investigation and resolution of the Representative's alleged violation by Court or otherwise.

(Doc. 3, p. 12). The Court disagrees that Paragraph 10A invalidates the arbitration provision at Paragraph 10B. Paragraph 10A simply manifests the parties' agreement that if Sightline were to breach the contract, this would constitute irreparable injury to Quest and would justify either injunctive relief or the segregation of any disputed monies until final resolution of the dispute. Sightline offers no legal reason why Quest would be prohibited from seeking injunctive relief from an arbitrator or from segregating and preserving any monies in dispute while an arbitration is pending. Since Sightline does not contend that the arbitration provision itself lacks mutuality or consideration, *see* Doc. 25, p. 19, the Court cannot point to any reason why the arbitration provision should be considered invalid.

Sightline's last argument is that Quest waited too long to invoke the arbitration provision and has acted inconsistently with its right to arbitrate. Once again, Sightline explains that if Quest had requested to arbitrate the parties' dispute prior to termination of the contract, Sightline would not have objected. To be clear: Sightline sued Quest,

3

not the other way around. After being sued in state court, Quest promptly removed the matter to this Court and within the week moved to compel arbitration. Sightline spends more than fifty pages of briefing opposing arbitration—while at the same time admiting that it would have gladly submitted to arbitration at an earlier point in the parties' dispute. Quest did not waive its right to arbitrate.

Finally, the Court rejects Sightline's assertion that arbitration must take place in Arkansas, rather than the place the parties contractually agreed to arbitrate: New York. As previously explained, the Court is obligated to rigorously enforce valid arbitration agreements according to their terms and will do so here. The Court is persuaded that all the parties' disputes should be resolved through arbitration and that dismissal is appropriate. *See Sommerfeld v. Adesta, LLC*, 2 F.4th 758, 762 (2021) ("While the Federal Arbitration Act 'generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it[,] . . . district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration.'" (quoting *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769–70 (8th Cir. 2011)).

**IT IS THEREFORE ORDERED** that Defendant Quest USA Corp.'s Motion to Dismiss and to Compel Arbitration (Doc. 6) is **GRANTED**. The Court **COMPELS** the parties to arbitration, and the matter is **DISMISSED**.

**IT IS SO ORDERED** on this 13th day of August, 2021.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE